# 14-2378-cr

## United States Court of Appeals
### for the
### Second Circuit

UNITED STATES OF AMERICA,

*Appellee,*

– v. –

DIDIER GERSON RIOS GALINDO, AKA Sealed Defendant 1,
AKA El Nenguere, AKA Marcos Rios, AKA Chavelin,

*Defendant,*

YESID RIOS SUAREZ, AKA Sealed Defendant 2,
AKA El Enano,

*Defendant-Appellant.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## REPLY BRIEF FOR DEFENDANT-APPELLANT

MERINGOLO LAW
BY: JOHN MERINGOLO
*Attorneys for Defendant-Appellant*
375 Greenwich Street, 7th Floor
New York, New York 10013
(212) 941-2077

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................ i

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACTS ............................................................................................ 1

APPLICABLE LAW AND DISCUSSION .................................................................. 2

    The Effective Lack of Counsel During the Short Window for Plea Negotiations Severely Prejudiced Mr. Rios Suarez .................................................................. 4

    Because of His Inability to Understand and Fully Analyze the Plea Agreement With Counsel and the Missed Deadline, Mr. Rios Suarez Was Deprived of the Three Point Guidelines Range Deduction for Timely Acceptance of Responsibility. .............................................................................................................. 5

    Mr. Rios Suarez Did Not Willfully or Wrongfully Contribute to the Breakdown in Attorney-Client Communications. ................................................................... 7

CONCLUSION ............................................................................................................. 8

CERTIFICATE OF COMPLIANCE ........................................................................... 9

# TABLE OF AUTHORITIES

## Cases

*Clark v. Perez,* 510 F.3d 382 (2d Cir. 2008) ............................................................. 4

*Glover v. United States,* 531 U.S. 198 (2001) ........................................................... 5

*Hill v. Lockhart*, 474 U.S. 52 (1985) ......................................................................... 3

*Iowa v. Tovar,* 541 U.S. 77 (2004) ............................................................................ 3

*Lafler v. Cooper*, 132 S. Ct. 1376 (2012) .................................................................. 3

*Missouri v. Frye*, __U.S.__, 132 S.Ct. 1399 (2012) ............................................... 2, 4

*Strickland v. Washington*, 466 U.S. 668 (1984) .................................................. 2, 3, 5

*United States v. John Doe No. 1*, 272 F.3d 116 (2d Cir. 2001) ................................. 7

## United States Sentencing Guidelines

U.S.S.G. §3E1.1 ...................................................................................................... 5, 6

U.S.S.G. §5A Application Note 2 ............................................................................... 6

## Constitutional Amendments

U.S. Const. Amend. VI ................................................................................................ 3

## PRELIMINARY STATEMENT

Yesid Rios Suarez respectfully submits this brief Reply to the Government's Response to his Appellate Brief. As to those points not addressed further herein, Mr. Rios Suarez relies on the arguments contained in his Appellate Brief. After careful examination of the particular facts and circumstances of this case, the Court should determine that Mr. Rios Suarez was indeed deprived of the effective assistance of counsel during the plea negotiation stage and should remand this case accordingly.

## STATEMENT OF FACTS

Mr. Rios Suarez does not dispute that Ms. Lees, his former counsel, acted at all times to the best of her ability and in his interests. He does not disparage her in any way. *See also* Br.[1] at p. 8 n.19. However, the fact that communications between Ms. Lees and her client had broken down effectively left Mr. Rios Suarez without advice of counsel because, for reasons unknown to the undersigned, he did not trust her advice. Therefore, at the critical moment during which the Government assumed he was considering the proposed plea agreement, he was in fact unable to adequately avail himself of the assistance of counsel. In fact, during the five-day window (January 2-7, 2014) during which the January plea offer was open for Mr. Rios Suarez' consideration (see Gov't. Resp. at p. 6),

---

[1] "Br." refers to Appellant's moving brief.

communications had broken down between Ms. Lees and Mr. Rios Suarez to such an extent that, through no fault of Ms. Lees, Mr. Rios Suarez was effectively without counsel. *See* Br. at p. 8 (the undersigned was contacted on January 5 for a substitution of counsel hearing); Gov't. Resp. at p. 7 (quoting Ms. Lees' January 6 letter to the Court) ("Unfortunately, there has been a complete breakdown in communications with Mr. Suarez . . .").

In addition, although new counsel was assigned on January 7, 2014, the date on which the plea agreement was scheduled to expire, counsel was unaware of the facts of the case and could not ethically and competently advise Mr. Rios Suarez to accept the plea offer before its expiration. *See* Br. at p. 8-9. The subsequent plea to the indictment and *Fatico* hearing resulted in the district court's imposition of a 648-month sentence, which was at least 36.5 years higher than the maximum Guidelines sentence as calculated in the plea agreement. Therefore, under *Strickland v. Washington*, 466 U.S. 668 (1984), and *Missouri v. Frye*, __U.S.__, 132 S.Ct. 1399 (2012), Mr. Rios Suarez was actually prejudiced by the breakdown in attorney-client communications and the Government's refusal to extend the plea acceptance deadline.

## **APPLICABLE LAW AND DISCUSSION**

The Sixth Amendment of the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel at all stages of

2

trial, including the plea bargaining process. U.S. CONST. AMEND. VI; *Iowa v. Tovar,* 541 U.S. 77, 81, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004) ("entry of a guilty plea, whether to a misdemeanor or a felony charge, ranks as a 'critical stage' at which the right to counsel adheres"). Thus, "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." *Lafler v. Cooper*, 132 S. Ct. 1376, 1387, 182 L. Ed. 2d 398 (2012).

Under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984), a defendant claiming to have received ineffective assistance must demonstrate both "that counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687-688, 694. *See also Hill v. Lockhart*, 474 U.S. 52 (1985) (applying *Strickand*'s test to ineffective assistance of counsel claims in the plea bargain context).

> "[W]here a defendant pleads guilty to less favorable terms and claims that ineffective assistance of counsel caused him to miss out on a more favorable earlier plea offer, *Strickland*'s inquiry into whether "the result of the proceeding would have been different," 466 U.S., at 694, 104 S.Ct. 2052, requires looking not at whether the defendant would have proceeded to trial absent ineffective assistance but whether he would have accepted the offer to plead pursuant to the terms earlier proposed.

*Frye*, 132 S. Ct. at 1410. Thus, "[t]o establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal

3

process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *See Frye*, 132 S.Ct. at 1409.

Although claims of ineffective assistance "often depend on extrinsic evidence and therefore must be brought through collateral attack rather than by direct appeal," they may be considered on direct review if the issues presented in the petition are fully discernible from the record. *See Clark v. Perez*, 510 F.3d 382, 390 (2d Cir. 2008). Because the breakdown in communications and the resulting prejudice to Mr. Rios Suarez is clear from the record, his claim of ineffective assistance may be considered by this Court.

### The Effective Lack of Counsel During the Short Window for Plea Negotiations Severely Prejudiced Mr. Rios Suarez.

The Government's Response ("Gov't. Resp.") misapprehends the nature of Mr. Rios Suarez's ineffective assistance claim. *See* Gov't. Resp. at p. 24-26. Appellant does not argue that Ms. Lees, his former counsel, was ineffective. He argues that, because of the breakdown of communications between himself and Ms. Lees during the crucial five-day window during which the Government's plea offer was open, he was deprived of the assistance of counsel in all material respects. Moreover, because the Government's plea offer expired on the same day that new counsel was appointed to represent him, Mr. Rios Suarez had no opportunity to discuss the offer with new counsel or to determine whether, in fact, it would have been prudent to accept that offer.

4

Thus, it is not that his counsel's performance "fell below an objective standard of reasonableness" (*Strickland*, 466 U.S. at 687), but that he effectively *had no counsel*, that Mr. Rios Suarez asserts forms the basis for the Sixth Amendment violation. Because the subsequently imposed sentence of 648 months was 36.5 years higher than the maximum of the sentencing range set forth in the plea agreement, Mr. Rios Suarez suffered actual prejudice. *See Glover v. United States,* 531 U.S. 198, 203, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001) ("[A]ny amount of [additional] jail time has Sixth Amendment significance").

### Because of His Inability to Understand and Fully Analyze the Plea Agreement With Counsel and the Missed Deadline, Mr. Rios Suarez Was Deprived of the Three Point Guidelines Range Deduction for Timely Acceptance of Responsibility.

The January plea agreement contained a three level reduction in the Sentencing Guidelines range calculation based on Mr. Rios Suarez' anticipated timely acceptance of responsibility pursuant to U.S.S.G. §3E1.1(a) and (b). The acceptance of responsibility deduction grants the defendant a tangible benefit in acknowledgement that his timely plea has demonstrated his acceptance of responsibility for his conduct, has permitted the Government to avoid preparing for trial, and has permitted the district court to allocate its resources efficiently. *See* A-393.

Because Mr. Rios Suarez ultimately pled guilty without the benefit of a plea agreement, however, he lost the benefit of this three-point deduction. Nonetheless,

5

the Government avoided preparing for trial, and the district court was spared the need to allocate resources toward a trial. At the change of plea hearing, Mr. Rios Suarez did accept responsibility for his conduct. A-57. The Government agreed that Mr. Rios Suarez was eligible for the three-point deduction pursuant to U.S.S.G. §3E1.1. A-37 ("[I]n the government's view, he would be entitled to acceptance of responsibility if he enters a plea today.").

Nonetheless, at sentencing, the district court denied Mr. Rios Suarez the benefit of the three-point deduction. A-479-480; Br. at p. 13. The Government may argue that the difference between a Sentencing Guidelines level of 50 and of 47 is irrelevant because both are treated as a level 43. U.S.S.G. §5A Application Note 2. However, if the Court finds merit in Mr. Rios Suarez' contention that he was effectively left without counsel during the critical five-day window for consideration and acceptance of the January plea agreement under which he would have been exposed to a sentence of 135-168 months (see Br. at p. 7-8 n. 18), then the application of this three-point reduction would have a significant impact on the resulting sentence to be imposed on remand. For this reason, Mr. Rios Suarez again notes that the fact that he pled guilty in a timely manner and saved the district court and the Government significant time and expense should have had an impact at sentencing and should be taken into consideration in the event that this Court grants a remand.

6

**Mr. Rios Suarez Did Not Willfully or Wrongfully Contribute to the Breakdown in Attorney-Client Communications.**

Finally, this case is very different from the situation presented in *United States v. John Doe No. 1*, 272 F.3d 116 (2d Cir. 2001) in which this Circuit upheld the district court's denial of motions for new counsel, finding that the asserted breakdown in communications had been primarily created by the defendant's "refusing to cooperate with [defense counsel], acting aggressively, and making threatening gestures and remarks towards [him] . . . [which] caused [counsel] to question whether he could work with [the defendant] and to fear for his and his family's safety." *Id.* at 124. In contrast, although Ms. Lees' letter of January 6, 2014, noted that Mr. Rios Suarez "refuse[d] to follow [her] advice; that he refuse[d] to participate in his defense and that he persist[ed] in arguing with [her] regarding the law and the application of the law," Gov't. Resp. at p. 7, it did not allege that Mr. Rios Suarez had acted aggressively or been otherwise belligerent toward Ms. Lees. That he did not understand the United States law under which he was charged is hardly surprising given that Mr. Rios Suarez is a Colombian citizen who had never entered the United States until his extradition to face prosecution in this matter. While Mr. Rios Suarez again casts no doubt on the substance of Ms. Lees' representation, his inability to effectively communicate with her should not be attributed to bad faith or to any intentional action to impede the judicial process on his part.

7

## **CONCLUSION**

Wherefore, for the reasons set forth in his Appellate Brief and as further clarified herein, the Court should find that Mr. Rios Suarez lacked the effective assistance of counsel during the plea bargaining stage of his case and, therefore, that this case must be remanded to the district court for further proceedings.

In the alternative, if the Court declines to consider Mr. Rios Suarez' ineffective assistance arguments, it should consider them withdrawn so that he may raise them in a motion pursuant to 28 U.S.C. § 2255.

Dated: January 29, 2015
      New York, New York

                                     Respectfully Submitted,

                                     /s/ John C. Meringolo_____

                                   John C. Meringolo
                                   Meringolo Law
                                   375 Greenwich Street
                                   New York, New York 10013
                                   (347) 599-0992

                                   *Attorney for Appellant*

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 1,818 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2008 in 14-point Times New Roman font.

 _/s/ John C. Meringolo____

John C. Meringolo

*Attorney for Appellant*